META BIDDLE ROBINETTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELISE BIDDLE PAUMGARTEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 103009, 103010.   Promulgated June 10, 1941.

*Henry A. Mulcahy, Esq.*, for the petitioners.
*Eugene G. Smith, Esq.*, for the respondent.

OPINION.

STERNHAGEN: As to each petitioner, the Commissioner has determined a gift tax measured by the computed value of the remainder interest after the several life estates. The life estates succeeding that of the settlor have been treated and taxed as gifts, and that is not in issue. The remainder was to go to Elise's children upon their attaining the age of twenty-one, respectively; and, if no children, then to the appointee by will of the survivor of the three, the daughter, her mother, and her stepfather. Thus, as to each grantor, there was a possible power of testamentary disposition of the remainder—a power as substantial as a reversion would be. If, for example, Elise, being thirty and unmarried when her trust was created, should fail to have children and should survive her mother and stepfather, both of whom were substantially older, she would have a power of testamentary appointment. Because of this retained interest, whether vested or contingent, the trust property would be included in her gross estate subject to estate tax. She had not so completely disposed of the property by means of the trust as to avoid the estate tax. *Helvering* v. *Hallock*, 309 U. S. 106. Until children were born, as they were, the settlor still had a possible power of disposition of the remainder, which is one of the most important attributes of ownership. Upon her death, if there were no issue, her testamentary power of appointment would be exercised if she were the last survivor, or that power would be freed in the hands of her surviving mother or stepfather. So, when she created the trust she retained an interest in the property sufficient to warrant the expectation that it would be included in her gross estate upon her death.

According to *Sanford's Estate* v. *Commissioner*, 308 U. S. 39, the gift tax is a supplement to the estate tax. A transfer is to be taxed as a gift when it becomes complete and not while the transferor retains substantial control of the property. *Burnet* v. *Guggenheim*, 288 U. S. 280; *William J. McCormack*, 43 B. T. A. 924; *Carl J.*

*Schmidlapp*, 43 B. T. A. 829; *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30. Since in the event of death of the settlor the trust property would be included within her gross estate and subjected to the estate tax, this is strong reason for denying a gift tax at the time of the transfer in trust. The creation of the life interests, it must be remembered, has been recognized as the occasion for the imposition of the gift tax upon the value of the secondary life interests; and it is only as to the remainder after the extinction of all the life interests that the present question is raised. Certainly if it could have been known that there would be no children and that the grantor would be the ultimate survivor of the three, she could not have been taxed upon the creation of the remainder, which was entirely subject to her testamentary power of disposition. The determination of the Commissioner is reversed.

The petitioners argue also that they may not be taxed upon the value of the remainders because there were no donees in existence, and that they may not be taxed as upon gifts because the creation of the trusts was a reciprocal arrangement each in consideration of the other. These questions do not require decision.

*Decision will be entered under Rule 50.*